Liesel Shoquist, Esq.
Michael D. Bybee, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
620 High Park Way
PO Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Fax No: (406) 549-7077
lshoquist@bigskylawyers.com
mbybee@bigskylawyers.com
    *Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| AMERICAN RELIABLE INS. CO., | Cause No. _____ |
| Plaintiff, | Dept. No. _____ |
| -vs- | |
| | **COMPLAINT AND REQUEST** |
| CHRISTINA VLIELAND, JEFF | **FOR DECLARATORY** |
| VLIELAND, RANDY SELF, and TINA | **JUDGMENT** |
| ROBERTS, | |
| Defendants. | |

COMES NOW Plaintiff American Reliable Insurance Company ("American Reliable"), by and through undersigned counsel of record, and for its Complaint states and alleges as follows:

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**        **Page 1**

## PARTIES

1.  Plaintiff American Reliable is a corporation organized and existing under and by virtue of the laws of the State of Arizona. Its principal place of business is Arizona. As such, Plaintiff American Reliable is a resident and citizen of Arizona.

2.  Defendants Christina Vlieland and Jeff Vlieland ("Vlieland") are citizens of Montana and reside in Flathead County, Montana.

3.  Defendants Randy Self and Tina Roberts are citizens of Montana and reside in Flathead County, Montana ("Underlying Plaintiffs").

4.  American Reliable provided Vlieland with a Comprehensive Manufactured Home Policy which affords $100,000.00 in personal injury coverage, to wit:

   a. Manufactured Home Policy No. I37004172 01 with effective dates from 5/6/2012 to 5/9/2013;

   b. Manufactured Home Policy No. I37004172 02 with effective dates from 5/6/2013 to 5/9/2014;

   c. Manufactured Home Policy No. I37004172 03 with effective dates from 5/6/2014 to 5/9/2015;

   d. Manufactured Home Policy No. I37004172 04 with effective dates from 5/6/2015 to 5/9/2016; and

   e. Manufactured Home Policy No. I37004172 05 with effective dates from 5/6/2016 to 5/9/2017.

5. Coverage under the referenced policies is subject to the terms and conditions of those referenced Policies (collectively "Policy").

6. Certified copies of all of above mentioned policies will be provided in accordance with American Reliable's initial disclosure.

7. Christina Vlieland is the named insured under each of the Policies referenced in paragraph 4.

8. Jeff Vlieland's status as an insured under the Policy is by reason of his being the spouse of Christina Vlieland.

9. Vlieland are Defendants in a lawsuit filed in the Montana Eleventh Judicial District, Flathead County, entitled *Randy Self and Tina Roberts v. Jeff Vlieland and Christina Vlieland*, DV-16-913D ("the Underlying Lawsuit"). The underlying Complaint is attached as Ex. 1.

## VENUE AND JURISDICTION

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the Underlying Lawsuits' venue is in Flathead County, the State of Montana; the insurance Policy at issue in this declaratory judgment action was issued in the State of Montana; the Defendants reside in Montana; and the damages alleged in the underlying lawsuit occurred in Flathead County, Montana. The contracts and obligations at issue in this case must be interpreted under Montana law.

11. Subject matter jurisdiction is based on 28 U.S.C. § 1332. This action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

12. Subject matter jurisdiction is alternatively based upon the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## UNDERLYING LAWSUIT

13. The Underlying Lawsuit arose out of a neighbor dispute between Underlying Plaintiffs and Vlieland.

14. The issues comprising the Underlying Lawsuit have been on-going since June of 2011.

15. The Underlying Lawsuit was commenced on November 1, 2016.

16. Specifically, the Underlying Lawsuit involves allegations of intentional and illegal acts Vlieland committed against the Underlying Plaintiffs.

17. In the Complaint, the Underlying Plaintiffs allege:

    a. Vlieland plays loud and dis-consonant music in the middle of the night which has damaged Underlying Plaintiffs' hearing and interfered with Underlying Plaintiffs' sleep. Ex. A, ¶ 3.

    b. Vlieland poisoned Underlying Plaintiffs' dog. Ex. A, ¶ 4.

    c. Jeff Vlieland brandished a firearm on Underlying Plaintiffs and informed them of his intent to kill them. Ex. A, ¶ 5.

    d. Jeff Vlieland attempted to run Tina Roberts (an Underlying

        Plaintiff) off of the road with his vehicle.  Ex. A, ¶ 6.

    e.    Vlieland has thrown rocks at Underlying Plaintiffs' house.  Ex. A, ¶ 7.

    f.    Vlieland constructed a spite fence for no other reason than to block Underlying Plaintiffs' view.  Ex. A, ¶ 8.

18.    The Complaint asserts claims for (1) nuisance, (2) intentional infliction of emotional distress, and (3) assault.

19.    The Complaint seeks a permanent injunction and seeks punitive damages for Vlielands' actual malice.

20.    Underlying Plaintiffs characterize Vlielands' actions which compromise the substance of facts to which the counts in the Complaint apply as "harassment."  Ex. A, ¶¶ 9, 16.

21.    Underlying Plaintiffs similarly allege Vlielands' actions which compromise the substance of facts to which the counts in the Complaint apply constitute actual malice.  Ex. A, ¶ 17.

22.    Counts I-III in the Complaint arise out of Vlielands' intentional and/or illegal acts.

23.    Count IV in the Complaint is merely a request for relief to enjoin Vlielands from their continued intentional and/or illegal acts.

24.    On or about November 16, 2016, Vlieland, through counsel, tendered

a defense to American Reliable.

25. American Reliable acknowledged the tender and hired counsel Matt Gallinger of the Tolliver Law Firm to defend Vlieland against the claims asserted against them in the Underlying Lawsuit.

26. On or about December 19, 2016, Matthew B. Gallinger and Tyler T. Dugger, of Tolliver Law Firm, P.C., had appeared on behalf of Vlieland after American Reliable engaged their services to defend Vlieland. Ex. B (Notice of Appearance).

27. On or about January 31, 2017, American Reliable informed Vlieland of its intent to provide a defense under a reservation of rights.

28. On or about May 26, 2017, American Reliable amended its reservation of rights, but has continued to provide Vlieland with a defense.

29. American Reliable does not seek an order regarding its obligation to provide Vlieland a defense; rather, American Reliable only seeks an order determining American Reliable owes no duty to indemnify Vlieland as to any of the allegations in the Underlying Lawsuit.

## COUNT I
### (Request for Declaratory Judgment - Policy Provisions)

30. Plaintiff re-alleges paragraphs 1 through 29 above.

31. The parties to this lawsuit dispute whether coverage exists under

American Reliable Manufactured Home Policy No. I37004172 01 through I37004172 05 for the claims Underlying Plaintiffs asserted against Vlieland in the Underlying Lawsuit.

32. This action seeks a declaration that American Reliable owes no obligation to indemnify Vlieland for any resulting verdict or judgment against Vlieland for the claims alleged in the Underlying Lawsuit.

33. An actual controversy exists between American Reliable and its insureds in that American Reliable believes that the claims asserted by Randy Self and Tina Roberts fall outside the scope of coverage of American Manufactured Home Policy No. I37004172 01 through I37004172 05, and that policy exclusions unequivocally preclude all coverage.

34. American Reliable's Policy contains the following pertinent provisions:

The following policy provisions are at issue:

### SECTION II - PERSONAL LIABILITY COVERAGE

Coverage E - Personal Liability Coverage provides protection, subject to all policy terms and conditions, against **occurrences** that happen to others, for which **you** are legally responsible.

\* \* \*

///

**COVERAGE E - Personal Liability**

If a claim is made or suit brought against **you** for damages because of **bodily injury** or **property damage** to which this coverage applies, **we** will:

1. Pay up to **our** limit of liability . . . for the compensatory damages for which **you** are legally liable; and

2. Provide a defense at **our** expense by attorneys of **our** choice. **We** may investigate and settle any claims or suits as **we** deem appropriate. . . .

**COVERAGE F - Medical Payments to Others**

**We** will pay on **your** behalf, . . . reasonable and necessary medical expenses incurred within one year from the date of an **occurrence** causing **bodily injury**. . . .

\* \* \*

However, Coverage F does not apply to **bodily injury** to:

1. **You**;

## SECTION II - EXCLUSIONS

1. **COVERAGE E - Personal Liability and COVERAGE F - Medical Payments To Others** do not apply to **bodily injury** or **property damage**:

    a. Which is intended by, or which may reasonably be expected to result from any intentional act, or omission, of any person insured by this policy, including any person defined as "**you**".

\* \* \*

        This exclusion applies regardless of whether or not one or more insured persons are actually charged with, or convicted or, a crime.

    b.    Which is expected or intended by **you**;

        \*   \*   \*

    e.    That arises out of the illegal activities or any criminal act of any person insured by this policy, including any person defined as "**you**";

2.    **COVERAGE E - Personal Liability and COVERAGE F - Medical Payments To Others** do not apply to:

        \*   \*   \*

    b.    **Bodily injury** or **property damage**, or any expense, obligation or duty that arises out of or is connected with:

        (1)    Actual, threatened or alleged assault and/or battery committed by any person, whether or not with the actual or constructive consent or participation of any insured;

        (2)    The failure of any insured or anyone else for whom an insured is legally responsible to prevent or suppress any such actual or threatened assault and/or battery; or

        \*   \*   \*

Assault and/or battery as referred to above is not an **occurrence** under this policy.

**We** shall have no duty to defend any claim or lawsuit that includes any of the above claims or allegations, regardless of the circumstances

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**        **Page 9**

involved in the claim or lawsuit, even if the allegations may be groundless, false or fraudulent.

\* \* \*

    c.    **Bodily injury** or **property damage**, or any expense, obligation or duty that arises out of or is connected with:

        (1)    The actual, threatened or alleged:

            (a)    Physical abuse of any kind committed by any person, whether or not with the actual or constructive consent or participation of any insured;

            (b)    Emotional or mental abuse of any kind committed by any person, whether or not with the actual or constructive consent or participation of any insured; or

\* \* \*

        (2)    The failure of any insured, member of the household or anyone else for whom an insured is legally responsible, to prevent or suppress any actual or threatened act of any of any behavior described in (1) above;

\* \* \*

**We** shall have no duty to defend any claim or lawsuit that includes any of the above claims or allegations, regardless of the circumstances involved in the claim or lawsuit, even if the allegations may be groundless, false or fraudulent.

\* \* \*

///

    3.    **COVERAGE E - Personal Liability** does not apply to:

         \*   \*   \*

    b.    Damage to property owned by **you**;

         \*   \*   \*

    g.    **Punitive or exemplary damages**.

         \*   \*   \*

    5.    **Damage To Property Of Others** does not pay:

         \*   \*   \*

    b.    If the loss is caused intentionally by any one of you who is 13 years old or older;

         \*   \*   \*

## DEFINITIONS

All words defined in this section, when highlighted in **bold type** in this policy, will have the following meaning. . . .

         \*   \*   \*

    2.    **You**, **your** and **yours** mean the **named insured** and that person's resident spouse, and all other persons related by blood, marriage, or adoption who permanently reside in the same Manufactured Home as the **named insured**. . . .

         \*   \*   \*

    4.    **Bodily Injury** means bodily harm, sickness, disease, including any resulting death, of any person other than **you** or a resident of your household, caused by an

**occurrence**.

\* \* \*

14. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in **bodily injury** or **property damage**.

\* \* \*

16. **Property Damage** means direct physical damage or destruction of tangible property of others or damage or injury to it, including loss of its use caused by an **occurrence**.

\* \* \*

35. American Reliable asserts that coverage for each of the allegations in the Underlying Lawsuit are excluded from coverage based on one or all of the exclusions stated above.

36. Counts I through III of the Complaint all arise out of the action described in paragraphs 3 through 8 of the Complaint.

37. Each allegation in paragraph 3 through 8 are specifically excluded from coverage under the Policy as follows:

38. <u>Paragraph 3 – Music</u>

    a.  Underlying Plaintiffs allege Vlieland play loud, dis-consonant music at 3 o'clock in the morning, which interrupts Underlying Plaintiffs' sleep

and negatively affects their health.  Ex. A, ¶ 3.

    b.    This action is excluded by the Intended; Expected and Intended; and Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions.

    c.    This activity is also illegal as it constitutes disorderly conduct, which is a violation of Mont. Code Ann. § 45-8-101(1)(b) and (1)(h).  As such, Vlieland's act of playing loud, dis-consonant music at 3 o'clock in the morning is excluded by the Illegal Acts Exclusion.

39.    <u>Paragraph 4 – Poison</u>

    a.    Underlying Plaintiffs allege Vlieland poisoned their dog.  Ex. A, ¶ 4.

    b.    This action is excluded by the Intended; Expected and Intended; and Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions.

    c.    This activity is also illegal as it constitutes cruelty to animals, which is a violation of Mont. Code Ann. § 45-8-211(1).  As such, Vlieland's act of poisoning Underlying Plaintiffs' dog is excluded by the Illegal Acts Exclusion.

40.    <u>Paragraph 5 – Pistol</u>

    a.    Underlying Plaintiffs allege Jeff Vlieland pulled a firearm on them and informed them of his intent to kill them.  Ex. A, ¶ 5.

    b.    This action is excluded by the Intended; Expected and Intended;

Actual, Threatened or Alleged Assault; and Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions.

    c.    This activity is also illegal as it constitutes assault and assault with a weapon, which are violations of Mont. Code Ann. § 45-5-201(1)(d) and § 45-5-213(1)(b), respectively. As such, Jeff Vlieland's act of pulling a weapon on Underlying Plaintiffs and informing them of his intent to kill them is excluded by the Illegal Acts Exclusion.

    41.    <u>Paragraph 6 – Vehicle</u>

    a.    Underlying Plaintiffs allege Jeff Vlieland attempted to run Tina Roberts off the road with his vehicle. Ex. A, ¶ 6.

    b.    This action is excluded by the Intended; Expected and Intended; Actual, Threatened or Alleged Assault; and Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions.

    c.    This activity is also illegal as it constitutes assault and assault with a weapon, which are violations of Mont. Code Ann. § 45-5-201(1)(d) and § 45-5-213(1)(b), respectively. As such, Jeff Vlieland's act of attempting to run Tina Roberts off of the road with his vehicle is excluded by the Illegal Acts Exclusion.

    d.    Additionally, Jeff Vlieland's act of attempting to run Tina Roberts off of the road with his vehicle is excluded by the Ownership,

Maintenance, Use, Loading or Unloading of Motor Vehicle Exclusion.

42. <u>Paragraph 7 – Rocks</u>

 a. Underlying Plaintiffs allege Vlieland has thrown rocks at their house.  Ex. A, ¶ 7.

 b. This action is excluded by the Intended; Expected and Intended; and Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions.

 c. This activity is also illegal as it constitutes criminal mischief, which is a violation of Mont. Code Ann. § 45-6-101(1).  As such, Vlielands' act of throwing rocks at Underlying Plaintiffs' house is excluded by the Illegal Acts Exclusion.

43. <u>Paragraph 8 – Fence</u>

 a. Underlying Plaintiffs allege Vlieland has constructed a fence for no purpose other than to block Underlying Plaintiffs' view.  Ex. A, ¶ 8.

 b. This action is excluded by the Intended; Expected and Intended; and Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions.

 c. This activity is also illegal as it constitutes criminal mischief, which is a violation of Mont. Code Ann. § 45-6-101(1).  As such, Vlielands' act of damaging the value of Underlying Plaintiffs' property by obstructing the view therefrom is excluded by the Illegal Acts Exclusion.

44.     Paragraph 17 - Punitive Damages

   a.     Underlying Plaintiffs seek punitive damages for Vlielands' actual malice.  Ex. A, ¶ 17.

   b.     Punitive damages based on actual malice are excluded by the Intended; Expected and Intended Exclusions.

   c.     Further, the Policy explicitly excludes coverage for punitive damages through its Punitive Damages Exclusion.

45.     The Policy explicitly revokes any duty to defend an insured if a complaint contains a claim or allegation of assault "regardless of the circumstances . . . even if the allegations may be groundless, false or fraudulent."

46.     Because exclusions unequivocally preclude all possibility of coverage under the Policy, American Reliable owes no duty to indemnify Vlieland for the claims in the Underlying Lawsuit or for any verdict or judgment entered against them in the Underlying Lawsuit.

47.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities, if any, which exist as to the American Reliable Manufactured Home Policy No. I37004172 01 through I37004172 05.

   **WHEREFORE**, Plaintiff American Reliable prays that this Court ascertain

and determine:

    1.    That American Reliable owes no duty to indemnify Vlieland for any verdict or judgment against Vlieland in the Underlying Lawsuit regarding the allegations contained in paragraphs 3 through 8 of the Complaint because of the Intended; Expected and Intended; Illegal Activities; Ownership, Maintenance, Use, Loading or Unloading of Motor Vehicles; Actual, Threatened or Alleged Assault; and/or Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions;

    2.    Alternatively, that American Reliable owes no duty to indemnify Vlieland for any verdict or judgment against Vlieland in the Underlying Lawsuit regarding Cause I (Nuisance) as it is excluded under the Intended; Expected and Intended; Illegal Activities; Ownership, Maintenance, Use, Loading or Unloading of Motor Vehicles; Actual, Threatened or Alleged Assault; and/or Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions of the Policy;

    3.    Alternatively, that American Reliable owes no duty to indemnify Vlieland for any verdict or judgment against Vlieland in the Underlying Lawsuit regarding Cause II (Intentional Infliction of Emotional Distress) as it is excluded under the Intended; Expected and Intended; Illegal Activities; Ownership, Maintenance, Use, Loading or Unloading of Motor Vehicles; Actual, Threatened or Alleged Assault; and/or Actual, Threatened or Alleged Emotional or Mental

Abuse Exclusions of the Policy.

    4.    That American Reliable owes no duty to indemnify Vlieland for any verdict or judgment against Vlieland in the Underlying Lawsuit regarding Cause III (Assault) as assault is specifically excluded as an "occurrence" under the Policy and is further excluded under the Intended; Expected and Intended; Illegal Activities; Ownership, Maintenance, Use, Loading or Unloading of Motor Vehicles; Actual, Threatened or Alleged Assault; and/or Actual, Threatened or Alleged Emotional or Mental Abuse Exclusions of the Policy.

    5    That American Reliable owes no duty to indemnify Vlieland for any verdict or judgment against Vlieland in the Underlying Lawsuit regarding Cause IV (Permanent Injunction) as it is merely a request for relief and is therefore not an "occurrence" with any resulting "bodily injury" or "property damage" as defined by the Policy.

    6.    That American Reliable owes no duty to indemnify Vlieland for any verdict or judgment against Vlieland in the Underlying Lawsuit regarding punitive damages arising from Vlielands' actual malice; and

    9.    For such other and further relief as the Court deems just and proper.

///

///

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**    **Page 18**

DATED this 14th day of July, 2017.

                               By:   /s/ Liesel Shoquist

                               MILODRAGOVICH, DALE
                               & STEINBRENNER, P.C.
                                  *Attorneys for Plaintiffs*